McMinn Co. v. Allen.

McMINN COUNTY *v.* N. G. ALLEN *et al.*

. (*Knoxville.*  September Term, 1907.)

1. **ELECTIONS.** Ballot and registration statutes become applicable to consolidated civil districts of the requisite population according to latest census, when.

Where the ballot law (Acts 1890, ex. ses., ch. 24, as amended by Acts 1897, ch. 17) applies to towns, cities, and civil districts having a certain population, as computed by the latest federal census, and the registration law (Acts 1890, ex. ses., ch. 25) applies to civil districts having a certain population, as computed by the latest federal census, and the several civil districts of a county, all under the requisite population, are as units, or each as a whole, united, or consolidated, by statute (Acts 1907, ch. 102) into other civil districts, each having the requisite population, as ascertained by computing or adding together the population of the original civil districts composing each new consolidated district according to its population in the latest federal census made previous to such consolidation, the said ballot and registration laws become applicable immediately upon said consolidation becoming effective.

Acts cited and construed:  Acts 1890 (ex. ses.), chs. 24 and 25; Acts 1897, ch. 17; Acts 1907, ch. 102.

2. **SAME.** Ballot law has not been repealed.

The ballot law (Acts 1890, ex. ses., 24, as amended by Acts 1897, ch. 17) has not been repealed by any subsequent act.  (*Post, p.* 400.)

---

FROM McMINN.

---

Appeal from the Chancery Court of McMinn County. —T. M. McCONNELL, Chancellor.

BURKETT & MILLER, for complainant.

IVINS & MANSFIELD, for defendants.

MR. JUSTICE NEIL delivered the opinion of the Court.

The bill in this case was filed by McMinn county against N. Q. Allen, D. M. Owens, and James Reagan, in their official capacities as election commissioners of the county, for the purpose of enjoining them from acting under the registration law and the Dortch law in the various civil districts of the county, on the ground that there was no lawful authority for so acting, and that the county would be put to the expense of numerous suits by persons who might perform services in putting in force the said two laws referred to and applying them in the county.

The facts on which the litigation is based were agreed to by the respective counsel, and are as follows:

"In this cause it is agreed and admitted that, when the federal census of 1900 was taken, McMinn county was divided into eighteen civil districts, and that said federal census of 1900 shows the population of said civil districts as they existed; and it is further admitted that according to the federal census of 1900 no one of said districts contained as much as 2,500 population.

"And it is further admitted that by chapter 102, p. 284, of the Acts of 1907 of the general assembly of Ten-

nessee, the second, third, fourth, ·fifth, sixth, eighth, ninth, eleventh, twelfth, thirteenth, sixteenth, and seventeenth civil districts of McMinn county were abolished, and their territory attached to the remaining districts, as follows: The second and fourth civil districts were made a part of the first district, the fifth and sixth were made a part of the eighteenth district, the twelfth and thirteenth districts were made a part of the fourteenth civil district, the third and eleventh districts were made a part of the seventh district, and the eighth and ninth districts were made a part of the tenth district, and the sixteenth and seventeenth districts were made a part of the fifteenth district.

"It is further admitted that, when said consolidation of said districts was made, their territory was the same as it had been when the federal census of 1900 was taken, and that the population of each of the six civil districts, consolidated as aforesaid by chapter 102, contained more than 2,500 population computed by the federal census of 1900, when said consolidation was made. There is no town, city, or civil district in the county now having, or that at any.time has had 9,000 population.

"It is further admitted that the costs of registration sought to be enjoined in this case will exceed $1,000."

The chancellor disallowed the relief sought as to the registration law, but granted relief as to the Dortch law, and decreed accordingly. From this decree both

sides appealed to this court, and have here assigned errors.

The Dortch law consists of chapter 24, p. 50, Acts of the Extra Session of 1890, and the amendments thereto contained in subsequent acts, and refers to the ballots and method of voting them. The registration law consists of chapter 25, p. 59, of the Acts of the Extra Session of 1890, and the amendments thereto. These laws need not be stated in more particularity, as they are well known in this State, and their special provisions need not be considered in disposing of the question arising on the inquiry, further than we shall now state.

By chapter 17, p. 141, of the Acts of 1897, the Dortch law was amended, among other things, so as to apply to "towns, cities and civil districts having a population of 2,500 inhabitants or over, computed by the federal census of 1890, or which may hereafter have that number, or over that number, by any subsequent federal census." The original registration law, by its terms, applies to civil districts having a population of 2,500, computed by the federal census of 1880, "or which may hereafter have that number or over, computed by any subsequent federal census."

The question for decision is whether the facts stated show that the civil districts created by the act of 1907 meet the requirements of 2,500 population, computed by the federal census of 1900.

It is insisted for the complainant, in effect, that the word "computation" means enumeration; that is to say

such civil districts must be regarded as they stood in 1900, when the census was taken, and that, inasmuch as no civil district at that time had a population so large as 2,500, the law cannot be applied to any of them.

It is insisted, on the other hand, that inasmuch as such civil districts as existed in 1900 were joined together to make the civil districts in 1907, the adding together of the various populations of the several civil districts which went to compose the civil districts of 1907 is in fact a computation of the population according to the said census of 1900.

We think this latter view is the correct one. The federal census was fixed upon as a ready and convenient means of ascertaining the population of the districts to which the laws referred to should apply. The legislature could have directed a special census to be made for the purpose, but such a course would have been idle when the figures were already at hand, showing that the several civil districts, when thrown into certain groups and thus cast into new units, would make new civil districts of a defined territory, with a population exceeding the amount required by the two laws above mentioned. When these new units were made, the act of turning to the federal census and counting the populations of the original districts composing each new civil district, and adding the several amounts together, was a process of computation under the census.

The foregoing was the only point that was argued before the court on the hearing of the cause, and the only

one discussed to any extent in the brief filed for the complainant. It was suggested that the original Dortch law was repealed by a subsequent law; but this was put forward in only a tentative way, and the position is without merit, and need not be further referred to.

On the grounds above mentioned, we are of the opinion that the chancellor acted correctly in        the registration law applicable to the several        of McMinn county, and his decree in this        firmed. We are also of the opinion that h        rectly in holding that the Dortch law did        to the said civil districts, and his decree in this        t is reversed.

A decree will be entered here decreeing the rights of the parties in accordance with this opinion.

The complainant will pay the costs of this proceeding.